Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
City Tower Center
333 City Boulevard West, 17th Floor
Orange, California  92868
Office:         714.938.3230
Fax:            714.921.2856
Email:         dreddlaw@sbcglobal.net

Attorney for Plaintiff
**KIM FERRANTE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KIM FERRANTE,<br><br>        Plaintiff,<br><br>  vs.<br><br>ENCORE EDUCATION CORPORATION, a Charter School; DENISE GRIFFIN, an Individual; JOHN GRIFFIN, an Individual; and DOES 1 through 10, Inclusive,<br><br>        Defendants. | Case No.: _____<br><br>**PLAINTIFF KIM FERRANTE'S VERIFIED FEDERAL COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff, KIM FERRANTE ("Plaintiff" or "Ferrante"), hereby complains against Defendants ENCORE EDUCATION CORE (hereafter "Encore"), DENISE GRIFFIN (hereafter "Defendants" or "D. Griffin"), and JOHN GRIFFIN (hereafter "Defendants" or "J, Griffin").

## NATURE OF CASE

1. This is a civil action seeking damages and relief against Defendants for committing unlawful acts against Plaintiff and for depriving Plaintiff of her rights,

1
**PLAINTIFF KIM FERRANTE'S VERIFIED FEDERAL COMPLAINT**

*inter alia,* secured by the federal United States Age Discrimination in Employment Act ("ADEA) and the state of California Fair Employment and Housing Act ("FEHA").

2. As a result of being continuously humiliated and embarrassed with the loss of Plaintiff's self-esteem associated with the treats, harassment, and bullying by the Defendants and interfering with Plaintiff's job responsibilities and assignments relating to her duties at Encore, Ferrante was laid off from her employment as a teacher because of her being over the age of 50 years while younger similarly situated employees with less experience and qualification were kept in employment at Encore or brought back from their lay-off status. Plaintiff now seeks damages and equitable relief from the Defendants.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1391, the Age in Discrimination act of 1967 (29 U.S.C. § 621), Civil Rights Act of 1991, as amended, §7(e) of the ADEA (29 U.S.C. 626(e), Freedom of Speech & Expression (42 U.S.C. § 1983). This action is authorized and instituted pursuant to 20 U.S.C. 1706 requiring the appropriate United States District Court to exercise jurisdiction. Civil Rights Act of 1991, as amended, states that employment discrimination and retaliation cases may be filed in the United States District Court. This Court has pendent jurisdiction over Plaintiff's state claims, both administrative and common law, because they arise out of the same nucleus of common facts on

**PLAINTIFF KIM FERRANTE'S VERIFIED FEDERAL COMPLAINT**

which plaintiff's federal discrimination claims are based. Pursuant to 28 U.S.C. § 1367(s), federal courts have the discretion to adjudicate state-law claims that are transactionally related to the federal claims.

4. Plaintiff has suffered and continues to suffer actual injuries as a result of the intentional, malicious, and unlawful conduct on the part of the above-named Defendants. The injuries can be traced to the challenged action and conduct in this matter. Kim Ferrante has a personal stake in the outcome of this action and hereby joins her request for recovery pursuant to ADEA and the FEHA and has received her Equal Employment Opportunity Commission ("EEOC") and Department of Fair Employment and Housing ("DFEH") right-to-sue notices, which are attached as Exhibit "A" for the EEOC right-to-sue notice with the EEOC complaint and Exhibit "B" for the DFEH right-to-sue notice with the complaint.

5. Plaintiff resides in San Bernardino County within the jurisdiction of the United States District Court in and for the Central District of California.

6. Encore, a public entity and California Corporation, is doing business in San Bernardino County within the jurisdiction of the United States District Court/Central District.

## OVERVIEW OF THE RELEVANT FACTS AND BACKGROUND FACTS

7. Ferrante had been working for Encore since about 2008 to January 17, 2020, most recently as a History Teacher. On or about January 17, 2020, she was laid off from her job.

8. The reason she was given by the Defendants D. Griffin, the Chief Executive Officer of Encore, and J. Griffin, the Chief Operating Officer of Encore, is that there was a financial hardship. However, their reason was not true.

9. Within the Encore campuses, there were subsequently two schools: Hesperia and Riverside. Ferrante taught history predominately at the Hesperia Campus.

10. At the Hesperia Campus, Ferrante was the OLDEST history teacher at 50 years with the most qualifications and experience with approximately 12 years at Encore. While there may have been teachers over the age of 40, they were substantially younger than Ferrante. Ferrante was the Department Chairperson, a member of the Center for Teacher Innovation ("CTI"), trained teachers on the behalf of Encore, had outstanding evaluations/commendation, and was identified as having outstanding qualifications.

11. The Riverside Campus was closed completely, again, purportedly because of financial difficulties. Some of the teachers at Hesperia were laid off, including Ferrante. Some of the teachers at Hesperia were not laid off which included those younger than Ferrante and with less experience and qualifications. Subsequently,

those who were laid off at Hesperia were asked to return to the Hesperia Campus EXCEPT for Ferrante.  Incredulously, even teachers who were laid off because the entire Riverside Campus CLOSED who were younger than Ferrante were asked to come and teach at Hesperia.  ALL of the teachers at the Hesperia Campus were much younger than Ferrante with less experience and qualifications.

12. Ferrante learned that while she was at the Hesperia Campus and after her removal from her teaching duties, the Defendants referred to her as a "scatter brain" and "wholly disorganized," both of which were not true.  Ferrante should have been asked to return because of her (1) experience, (2) qualifications, (3) commendation, (4) additional duties of actually training teachers, and (5) position as the Chair of her Department, especially when compared to ALL of those teachers who were asked to return to Encore and who continued to teach now at the Hesperia Campus.

13.  Ferrante believes she was discriminated against because of her age in violation of the ADEA and FEHA, because of the hostile environment she experienced based in violation of the ADEA and FEHA, and was retaliated against because she routinely engaged in protected activities and because of her age in violation of the ADEA and FEHA.

14.  Encore refused to prevent this discrimination for which it was informed and should be responsible and liable for its continuation and failure and refusal to bring Ferrante back as all of the other teachers who were and are younger than she.

# STATEMENT OF STATE CLAIM

# FIRST CLAIM FOR RELIEF

(Violation of the Federal Age Discrimination in Employment Act

and California Government Code, §12900, et seq.)

for Age Discrimination in Employment)

15. The allegations and attachments set forth above in paragraphs 1 through 24, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

16. Plaintiff is over the age of 50 years and has been discriminated against because of her age. She performed her job duties well and was complimented on her on ability with outstanding evaluations and commendations by her supervisors. Despite these facts regarding Plaintiff's performance, she denied the rights and privileges of her job and was REPLACED by those teachers who are younger, less qualified, with less experience.

WHEREFORE, plaintiff demands judgment against Defendant Encore.

# STATEMENT OF FEDERAL AND STATE CLAIM

## SECOND CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

Failure To Prevent Discrimination in Employment)

17. The allegations and attachments set forth above in paragraphs 1 through 16, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

18. Plaintiff has established that discrimination occurred and that Encore failed to prevent the discrimination based on age discrimination from occurring.

19. District did not take all reasonable steps to prevent the discrimination from Occurring, that is not to discriminate based on age discrimination.

WHEREFORE, Plaintiff demands judgment against defendant Encore.

## STATEMENT OF STATE CLAIM

## THIRD CLAIM FOR RELIEF

(Retaliation Pursuant to FEHA)

20. The allegations and attachments set forth above in paragraphs 1 through 19, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

21. Plaintiff was retaliated against because of her age. She was treated this way because of her complaints and protesting age discrimination. The Defendants made sure she would never return to teach at Encore even though teachers who were

younger, less qualified, and with less experience were asked to return. The retaliation and hostile environment leveled against her were in violation of the California Fair Employment and Housing Act.

22. Defendants acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's age. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's professionally unlawful conduct.

23. As a direct and proximate result of Defendant's action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

24. Unlike other similarly situated employees, Defendant used Plaintiff's age in order to discriminate against her, placed her on a laid-off status, told other employees Plaintiff was incapable, incompetent, and grossly negligent.

25. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against Encore.

## STATEMENT OF STATE CLAIM

## FOURTH CLAIM FOR RELIEF

(Harassment/Hostile Work Environment Against

Defendants Encore, D. Griffin, and J. Griffin

Pursuant to the California FEHA)

26. The allegations and attachments set forth above in paragraphs 1 through 25, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

27. Plaintiff was harassed, retaliated against, and denied reinstatement back to her job duties after being laid off like all other similarly situated employees. She was treated this way because of her complaints and protesting the discrimination against her based on age discrimination. The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act. These Defendants knowingly encouraged the punitive, harassing acts against Plaintiff and did nothing to prevent them. The conduct was so severe and pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-traumatic stress.

28. Defendants acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result

from Defendants' conduct, most especially because of Plaintiff's race. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

29. As a direct and proximate result of Defendant's action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

30. Unlike other similarly situated employees, Defendant used Plaintiff's age in order to discriminate against her, placed her on laid-off status, told other employees Plaintiff was laid off and continues to be laid off because she is incapable, incompetent, and grossly negligent.

31. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against District.

## STATEMENT OF FEDERAL CLAIM

## SEVENTH CLAIM FOR RELIEF

(Protected Expressions/Freedom of Speech Against

Encore, D. Griffin, and J. Griffin Pursuant to 42 U.S.C. § 1983)

32. The allegations and attachments set forth above in paragraphs 1 through 31, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

33. Defendants violated Plaintiff's right to freedom of speech when they sought to and did take punitive actions against her when she publicly identified the problems at Encore which could harm staff and students.

WHEREFORE, Plaintiff seeks a judgment against these individual Defendants also.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

## PRAYER FOR RELIEF

1. **Issue a permanent injunction** instructing District to reinstate Plaintiff in the position Plaintiff held before the unlawful suspension.

2. **Issue a declaration of rights** declaring that Defendant's retaliatory,

discriminating, and harassing conduct as alleged in this complaint violates Plaintiff's civil and constitutional rights.

3. An award of monetary damages sufficient to fully compensate Plaintiff for all losses she has suffered as a direct and proximate result of Encore's and its agents unequal, discriminatory, bullying, harassing, and retaliatory treatment of her.

4. An award of monetary damages sufficient to fully compensate Plaintiff for emotional trauma suffered by her, including damages for mental distress, emotional pain, loss of enjoyment of life, and other nonpecuniary losses.

5. An award of monetary damages as mandated by civil rights laws, both federal and state.

6. An award of monetary damages as mandated by the Fair Employment and Housing Act with a lodestar application.

7. An award of costs, including attorneys' fees pursuant to California Code of Civil Procedure, § 1021.5; 42 U.S.C., § 1988 and any other applicable statutes for attorneys' fees.

8. An award of costs, including attorneys' fees, to cover all of Plaintiff's actual costs.

9. An award of punitive damages, applicable

10. An award of damages pursuant to other relevant provisions of law.

11. An award of such other and further relief as the Court considers proper and just.

Dated: March 29, 2021

**LAW OFFICES OF GLORIA DREDD HANEY**

By: _____
Gloria Dredd Haney
Attorney for Plaintiff
**KIM FERRANTE**

# **VERIFICATION**

1, KIMBERLY FERRANTE, DECLARE AS FOLLOWS:

1 am the Plaintiff in the above-entitled action and make this verification for my Federal Verified Complaint. I have read the foregoing Verified Complaint and know of its contents. The same is true of my knowledge, except as to those matters which are therein stated on information and belief and as to those matters I believe to be true from my own observation.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed the day of March ___ 2021 in Apple Valley, California.

_____
Declarant

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868